IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-130 |
| | : | |
| KEVIN M. HATCH | : | |

## **ORDER**

AND NOW, this 8th day of June, 2017, upon consideration of Plaintiff the United States of America's Motion for Service by Posting Property and Certified Mail and the exhibits in support thereof, and it appearing to the Court that the Government has made a good faith effort to locate Defendant Kevin M. Hatch and has undertaken practical efforts to serve Hatch under the circumstances, and that the proposed alternative method of service is reasonably calculated to provide Hatch with notice of this action, it is ORDERED the Motion (Document 2) is GRANTED. The Government shall be permitted to effectuate service upon Hatch by posting a copy of the Summons and Complaint at Hatch's last known address, 6542 Ogontz Avenue, Philadelphia, PA 19126, and by mailing a copy of the Summons and Complaint by certified and regular mail to the same address. The Government shall also effectuate service upon Hatch by posting a copy of the Summons and Complaint at property owned by Hatch at 2439 West Harold Street, Philadelphia, PA 19132, and by mailing a copy of the Summons and Complaint by certified and regular mail to the same address.[1]

---

[1] After several unsuccessful attempts to personally serve Kevin M. Hatch, the Defendant in this student loan collection action, the United States of America seeks authorization to serve Hatch by posting a copy of the summons and complaint at his last known address and by sending these materials to Hatch at that same address by regular and certified mail. Under Federal Rule of Civil Procedure 4(e)(1), service of an individual defendant in a civil action may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Plaintiff seeks leave to pursue alternative methods of service pursuant to Pennsylvania Rule of Civil Procedure 430(a), which permits a

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

plaintiff to move "for a special order directing the method of service" if service "cannot be made" by the other methods specified in the Rules. A motion for alternative service must be "accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 430(a). To obtain authorization for alternative service, the plaintiff must show (1) it has made "a 'good faith' effort to locate defendant"; (2) it has made "practical efforts to serve defendant under the circumstances"; and (3) the proposed alternative means of service is "reasonably calculated to provide the defendant with notice of the proceedings against [her]." *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) (emphasis omitted).

The Government asserts it first attempted to personally serve Hatch by private process server at his last known address on West Harold Street. The process server reported he attempted service three times over a period of seven days, once in the morning, once in the afternoon, and once in the evening, but no one answered the door. The process server also reported he left a card on the property door to arrange for service, but the card was removed with no response. *See* Pl.'s Mot. Ex. A. The Government has confirmed that Hatch owns the West Harold Street property. *See* Pl.'s Mot. Ex. B.

The Government further asserts it made a good faith effort to locate Hatch through an investigation that included an inquiry of postal authorities and searches of local directories, credit bureau reports, Social Security Administration death records, employment records, business records, motor vehicle records, drivers' license records, professional license records, military records, prison records, and social media. *See* Pl.'s Mot. Ex. C. The Government's efforts to locate Hatch also include making several telephone inquiries to possible relatives and neighbors, and attempting to contact Hatch by telephone on several occasions. *See id.* Through this investigation, the Government learned of another address for Hatch on Ogontz Avenue. The Government asserts it also attempted to personally serve Hatch by private process server at the Ogontz Avenue address. The process server reported he attempted service three times over a four day period, once in the morning, once in the late afternoon, and once in the late evening, with no answer. The server also reported he left a card on the property door to arrange for service, but the card was removed with no response. *See* Pl.'s Mot. Ex. D.

Given the extent of the Government's investigation and attempts to personally serve Hatch at two different addresses, one of which the Government confirmed is a property owned by him, the Court finds the Government has made sufficient efforts to locate and personally serve Hatch. *See United States v. Cassel*, No. 12-784, 2013 WL 2495145, at *2 (E.D. Pa. June 11, 2013) (holding government made sufficient efforts to locate and serve defendant by making inquiries of postal authorities, possible relatives and neighbors, voter registration records, local telephone directories, motor vehicle records, death records, drivers' license records, business records, and professional license records, and by hiring a private process server, who attempted service at the defendant's last known address on three separate occasions over a two-day period).